CLD-090                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1770
_____

ALVIN GEORGE WHITE, JR.,
                                                        Appellant

v.

JOHN E. WETZEL; MELINDA ADAMS; MARCIA COMBINE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-01546)
Magistrate Judge:  Honorable Kezia O.L. Taylor (sitting by consent)
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2025

Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: March 21, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Alvin George White, Jr. appeals the Magistrate Judge's order granting Appellees' motion for summary judgment. For the reasons that follow, we will summarily affirm the District Court's judgment.

The procedural history of this case as well as White's allegations are well-known to the parties, are set forth in the Magistrate Judge's memorandum opinion, and need not be described at length here. Briefly, White, a Pennsylvania prisoner, filed a pro se complaint alleging that Appellees failed to protect him and violated his Eighth Amendment rights by not implementing the Department of Corrections' policies during the COVID pandemic. The Appellees filed a motion to dismiss which the Magistrate Judge granted.[1] White appealed, and we vacated and remanded the matter for further proceedings. White v. Wetzel, No. 21-2654, 2022 WL 3273807, at *3 (3d Cir. Aug. 11, 2022) (per curiam). Counsel then entered an appearance for White. Appellees filed a motion for summary judgment, and White filed a counseled response. A Magistrate Judge granted summary judgment, and White filed a pro se notice of appeal.[2]

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order granting summary judgment de novo. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A party moving for summary judgment must show that "there is no genuine

---

[1] The parties consented to proceed before a Magistrate Judge.

[2] At White's request, counsel withdrew, and White filed a motion for reconsideration. The Magistrate Judge denied the motion, but White did not appeal that order. Thus, the order denying the motion for reconsideration is not before us. See Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether the movant has satisfied this burden, "we view the facts and draw all reasonable inferences in the light most favorable to the nonmovant." Pearson v. Prison Health Serv., 850 F.3d 526, 533 (3d Cir. 2017). "Material facts are those that could affect the outcome of the proceeding, and a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." Id. at 534 (internal quotations omitted).

To state an Eighth Amendment claim, a plaintiff must allege that he was incarcerated under conditions imposing a substantial risk of serious harm, and that the defendant was deliberately indifferent to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Officials are deliberately indifferent when they are actually aware of the substantial risk of serious harm and disregard it. See id. at 837. Prison officials who knew of a substantial risk of harm are not liable if they responded reasonably to the risk. Id. at 844. Here, the Appellees clearly did not disregard the risk of serious harm from COVID-19. As thoroughly described by the Magistrate Judge, the Appellees took extensive measures designed to reduce the threat of infection. We agree with the Magistrate Judge that the record shows that Appellees responded reasonably to the risk presented by the COVID-19 virus and were entitled to summary judgment. See Hope v. Warden York Cty. Prison, 972 F.3d 310, 330 (3d Cir. 2020) (stating that the failure to eliminate all risk of contracting COVID-19 in immigration detention did not establish deliberate indifference); Wilson v. Williams, 961 F.3d 829, 841 (6th Cir. 2020) (holding

that the Bureau of Prisons was not deliberately indifferent to the risk of harm in light of preventative measures taken in response to COVID-19).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the Magistrate Judge, we will summarily affirm the Magistrate Judge's order. See Third Circuit I.O.P. 10.6. Appellant's motions to stay the appeal pending resolution of his motion for reconsideration are denied as moot. To the extent that White's "petition for certificate of appealability" requests any relief, it is denied.